UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  26-60536-CIV-DAMIAN/Augustin-Birch

SYLENA LYDIA DRYDEN,

      Plaintiff,

v.

JUDGE MICHAEL LYNCH, *et al.*,

      Defendants.

_____/

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION [ECF NO. 11]

**THIS CAUSE** is before the Court on Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation ("Report") [ECF No. 11], entered on March 18, 2026, recommending that Plaintiff, Sylena Lydia Dryden's ("Plaintiff"), Complaint [ECF No. 1] be dismissed without prejudice and with leave to amend, although dismissal is recommended with prejudice as to particular Defendants.

THE COURT has considered the underlying Complaint, the Report, Plaintiff's Objections and Response to Report and Recommendation and Motion for Leave to File Amended Complaint ("Objections") [ECF No. 13], the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

### I.      BACKGROUND

*A. Plaintiff's Complaint And Procedural History.*

On February 26, 2026, Plaintiff, appearing *pro se*, filed a Complaint against Broward Circuit Judge Michael Lynch, Broward Circuit Judge Ari Abraham Porth, the Broward

Public Defender's Office, the Paul Rein Detention Facility, North Broward Bureau Detention Facility, Well Path, and Florida State Hospital (collectively, "Defendants"), asserting civil rights claims under 42 U.S.C. § 1983. *See generally* ECF No. 1 ("Complaint"). The handwritten allegations are borderline illegible, but from what this Court can gather, Plaintiff alleges that Broward County Sheriff's Officers (who are not named as Defendants) threatened her, beat her, and stalked her on multiple occasions. *Id.* at 2. She also alleges that while incarcerated at the Paul Rein Detention Facility and at the North Broward Bureau Detention Facility, she was refused access to the law library and prevented from submitting forms and grievances. *Id.* As to Well Path, Plaintiff alleges that she was administered medication without her consent and that she was refused access to her medical and mental health records. *Id.* She asserts similar allegations as to Florida State Hospital. *Id.* Plaintiff also alleges that the Broward Public Defender's Office refused to provide her copies of court documents, refused to file motions in a timely manner, engaged in "inappropriate behavior," and violated her attorney-client privilege. *Id.* And as to the two judges, Plaintiff alleges that they threatened her with imprisonment, failed to address her allegations regarding excessive force, improperly and involuntarily committed her to a state hospital, and refused to address attorney misconduct. *Id.*

Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order for the Defendants to change departmental policies. *Id.* at 4. She also wants criminal charges to be brought against a police officer "who punched [her] several times in [her] head & then placed his knee on [her] neck[ ]." *Id.* When she filed her Complaint, she also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). *See generally* ECF No. 3.

#### B. *Judge Augustin-Birch's Report And Plaintiff's Objections.*

On March 5, 2026, this Court referred the case to Magistrate Judge Augustin-Birch for resolution of all non-dispositive motions and for a report and recommendation on dispositive motions. [ECF No. 9]. The Report first addresses the IFP Motion, which Judge Augustin-Birch granted. *See* Rpt. at 1. Judge Augustin-Birch then points out that because Plaintiff is proceeding IFP, her Complaint is subject to IFP screening under 28 U.S.C. § 1915(e)(2), which states "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue; or . . . the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

As such, Judge Augustin-Birch screened Plaintiff's Complaint, and the Report followed. In the Report, Judge Augustin-Birch recommends that the Complaint be dismissed without prejudice and with leave to amend because Plaintiff's "statement of claim is largely illegible," "[s]he did not plead her factual allegations in separate numbered paragraphs[,] and did not plead her legal claims in separate counts." Rpt. at 3. The overall issues raised in the Report are that the handwriting is difficult to decipher and the pleading fails to comply with Federal Rules of Civil Procedure 8 and 10.

However, as to the specific claims asserted against the Paul Rein Detention Facility and North Broward Bureau Detention Facility, Judge Augustin-Birch recommends dismissal with prejudice because jails lack the legal capacity to be sued as a matter of law. *See* Rpt. at 2-3 (citing *Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018)).

Plaintiff filed Objections on March 31, 2026. In her Objections, she states that "[w]hile Plaintiff acknowledges the Court's concerns, Plaintiff asserts that the Complaint states viable claims or, alternatively, can be amended to cure any deficiencies." Obj. at 2. She raises three specific objections: (1) "Plaintiff objects to the finding that the Complaint fails to state a claim upon which relief can be granted"; (2) "Plaintiff objects to any finding that jurisdiction is lacking and maintains proper jurisdiction exists"; and (3) "Plaintiff objects to dismissal and asserts that amendment is appropriate and warranted." *Id.* at 2-3. Further, Plaintiff includes a section titled "Motion for Leave to Amend," where she argues that pursuant to Rule 15's liberal amendment standard, she should be granted leave to amend to clarify her claims and legal theories, add additional factual support, address deficiencies identified in the Report, and add any necessary parties. *Id* at 3. She does not specifically identify any error of fact or law in the Report.

The Report is now ripe for adjudication by this Court.

## II.    DISCUSSION

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal

quotation marks omitted)). A party's "objections are improper [if] they expand upon and reframe arguments already made and considered by [the magistrate judge], or simply disagree with [the magistrate judge's] conclusions." *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.); *see Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

While a *pro se* litigant's filings are liberally construed, a *pro se* litigant must still properly object to magistrate judge reports and recommendations and conform to procedural rules, and *pro se* status does not give a court license to serve as *de facto* counsel for a party to rewrite inadequate objections. *See Lewis v. Mavis Tire & Auto Corp.*, No. 25-cv-60659, 2025 WL 1854699, at *3 (S.D. Fla. July 3, 2025) (Leibowitz, J.) (citing *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) and *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (Altonaga, J.); *see Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (Ungaro, J.) (stating that a

5

district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

As an initial matter, the undersigned concludes that Plaintiff's objections are improper because they are generalized and do not raise any specific issue with any aspect of Judge Augustin-Birch's factual findings or legal conclusions. Rather, Plaintiff simply disagrees with the Report's conclusions and requests leave to amend (which Judge Augustin-Birch clearly addresses and permits in the Report). Because Plaintiff did not provide adequately specific, nonconclusory, and nongeneralized objections, this Court is only obligated to review the Report for clear error. *See Keaton*, 2015 WL 12780912 at *1.

The undersigned has reviewed the Report, the Complaint, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Augustin-Birch's Report and agrees with Judge Augustin-Birch's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Judge Augustin-Birch's Report and Recommendation **[ECF No. 11]** is **AFFIRMED AND ADOPTED** and incorporated by reference herein for the purpose of appellate review. Plaintiff's Objections **[ECF No. 13]** are **OVERRULED**.

2. Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE** and with leave to amend. However, with respect to the claims against Paul Rein Detention Facility and North Broward Bureau Detention Facility, these

Defendants are **DISMISSED WITH PREJUDICE** from this action as entities that lack the capacity to be sued.[1]

3. Plaintiff shall file any Amended Complaint by **May 21, 2026**. She is reminded to comply with the instructions provided in the Report, address the legibility and organizational issues raised by Judge Augustin-Birch, and ensure that the Amended Complaint complies with Federal Rules 8 and 10 by separating each claim against each Defendant into separate, numbered paragraphs that show Plaintiff is entitled to relief. If the Amended Complaint contains the same deficiencies addressed in the Report and in this Order, future dismissal may be with prejudice.

4. The Clerk shall **CLOSE** this case for administrative and statistical purposes only. All pending motions are **DENIED AS MOOT**. This case will be reopened after Plaintiff files an Amended Complaint that withstands § 1915(e)(2) screening.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 6th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Judge Augustin-Birch also recommends dismissal with prejudice of Defendant Broward County Sheriff's Office ("BCSO") as an entity lacking the capacity to be sued, *see* Rpt. at 3, but while BCSO is mentioned in the statement of claim, it is not identified in Plaintiff's list of Defendants, *see* Compl. at 1-2, so this Court does not see a need to include a dismissal with prejudice as to that entity. However, Plaintiff is advised that this Court agrees with Judge Augustin-Birch that the BCSO lacks the capacity to be sued. Plaintiff should keep this in mind in the event that she intends to name BCSO as a defendant in her Amended Complaint.

cc: Magistrate Judge Panayotta D. Augustin-Birch

  **Sylena Lydia Dryden,** *Pro Se*
  P.O. Box 25866
  Tamarac, FL 33320
  Email: chosenbygod0304@gmail.com